UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) )       Plaintiff, ) )       v. ) ) JOHN W. JONES and VILLAGE ) OF SAN JOSE, ) )       Defendants. ) | Civil No. 17-3231 |

## **OPINION CONFIRMING SALE**

The U.S. Marshal has been appointed by the Court to sell property at issue in this case.  The U.S. Marshal reports that the property has been sold in accordance with terms previously set forth by the Court.  The Court, having reviewed the relevant materials, finds as follows:

1. The common address of the real estate is 501 S. First Street, San Jose, Illinois 62682 and the legal description is as follows:

> Ninety five (95) feet off from the North side of the North half (N1/2) of block two (2) in the Hicks Addition to the Village of San Jose, Illinois and is more fully described as follows:
>
> Beginning at a point two hundred five (205) feet due North of the Southeast corner of said Block two (2) and running thence North ninety five (95) feet to the Northeast corner of said block two (2), thence due West to the lands of the Chicago and Alton Railroad Company, thence in a Southwesterly direction of course along the line of said Chicago and Alton Railroad Company to a point directly West of the point of beginning, thence due East to the place of beginning, Situated in the County of Mason, State of Illinois.
>
> Pin: 001-650000

2. A notice required in accordance with 735 ILCS 5/15-1507(c)(2)(B) and 28 U.S.C. § 2002 was given;

3. The terms of sale were fair and not unconscionable;

4. The sale was conducted fairly and without fraud;

5. Justice was done by the sale;

6. All redemption and reinstatement periods have expired without redemption or reinstatement having been made; and

IT IS THEREFORE ORDERED:

A. The U.S. Marshal's report of the sale is approved and the sale is confirmed;

B. The United States does not waive its right to subsequently administratively collect, including by offset, any resulting deficiency if the sale price for the foreclosed property sold in this cause at judicial sale does not pay the judgment amount and subsequently accrued interest, advances and costs owed on either the promissory note or mortgage in this cause even though no such deficiency judgment is sought in this foreclosure proceeding.

C. The U.S. Marshal is directed to issue a deed to the holder of the certificate of purchase, sufficient to convey title pursuant to 735 ILCS 15-1509(a).

D. The purchaser of the foreclosed property is hereby given possession effective immediately upon entry of this Order in compliance with 735 ILCS 5/15-1701(c)(1).

E. There is no just reason to delay enforcement of or appeal from this final order.

ENTER: October 3, 2018.

_s/ Sue E. Myerscough_
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE